**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

No. 04-1662

—————————

SUSAN KYALLA,

Petitioner,

versus

JOHN ASHCROFT, Attorney General; CITIZEN AND
IMMIGRATION SERVICE; EDUARDO AGUIRRE, As
Commissioner of Citizenship and Immigration
Services; RICHARD CATERISANO, District
Director,

Respondents.

—————————

On Petition for Review of an Order of the Board of Immigration
Appeals. (A96-095-111)

—————————

Submitted: November 19, 2004     Decided: December 10, 2004

—————————

Before MICHAEL, TRAXLER, and DUNCAN, Circuit Judges.

—————————

Petition denied by unpublished per curiam opinion.

—————————

Susan Kyalla, Petitioner Pro Se.  Bryan Stuart Beier, M. Jocelyn
Lopez Wright, Office of Immigration Litigation, Civil Division,
UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for
Respondent Ashcroft.

—————————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Susan Kyalla, a native and citizen of Kenya, seeks review of a decision of the Board of Immigration Appeals (Board) affirming without opinion the immigration judge's denial of her applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We have reviewed the administrative record and the immigration judge's decision, designated by the Board as the final agency determination, and find that substantial evidence supports the immigration judge's conclusion that Kyalla failed to sustain her burden of showing past persecution or a well-founded fear of future persecution, necessary to establish eligibility for asylum. See 8 C.F.R. § 1208.13(a) (2004) (stating that the burden of proof is on the alien to establish eligibility for asylum); INS v. Elias-Zacarias, 502 U.S. 478, 483 (1992) (same). We will reverse the Board only if the evidence "'was so compelling that no reasonable fact finder could fail to find the requisite fear of persecution.'" Rusu v. INS, 296 F.3d 316, 325 n.14 (4th Cir. 2002) (quoting Elias-Zacarias, 502 U.S. at 483-84). The evidence does not compel such a result in this case.

In addition, we uphold the denial of Kyalla's application for withholding of removal. "Because the burden of proof for withholding of removal is higher than for asylum--even though the facts that must be proved are the same--an applicant who is

ineligible for asylum is necessarily ineligible for withholding of removal under [8 U.S.C.] § 1231(b)(3)." Camara v. Ashcroft, 378 F.3d 361, 367 (4th Cir. 2004).

Finally, we conclude that substantial evidence supports the immigration judge's determination that Kyalla did not establish it was more likely than not that she would be tortured "by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1) (2004). Therefore, she has not established her entitlement to relief under the CAT.

We therefore deny Kyalla's petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED